[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant in this matter is the owner of a parcel of land located in the Town of Oxford as shown on Exhibit 17, page 2. The property abuts land owned by Oxford Estates, LLC. The property of Oxford Estates has been the subject of a subdivision application originally filed in 1989 when the appellant acquired title to the property shown on Exhibit 17 by way of a deed from the appellant's father. This deed conveyed the land as shown on the exhibit reserving to the grantor 3.7 acres and also reserved to the grantor a 50 foot right of way across the grantee s newly acquired property. The location of the future road or right of way was however not defined in the deed when the original subdivision map was filed. A road named "Penelope Drive", the previously noted right of way, was set out establishing the proposed road to the appellant's property. This subdivision was approved as depicted on Exhibit 21.
For reasons not relevant to this appeal, the subdivision was not pursued and in December 2000 the appellee, Oxford Estates, LLC, "filed for a resubdivision (Ret. of Record Ex. 24.) In February 2001 the Appellee Planning and Zoning Commission of the Town of Oxford (hereinafter "PZ") commenced a public hearing as reflected in the minutes of February 8, 2001 (Ret. of Record, Ex. 9). At that time the application was extensively discussed with the representatives of Oxford Estates, commission members and counsel for the appellant (Ex. 9, p. 14, 15) as well as the appellants husband Peter Katz (Ex. 9, p. 19) and the original grantor of the property James Somers. (Ex. 9, p. 25.)
As an aside, the appellant became the owner of the 3.7 acres as previously referred to by way of a quitclaim deed dated January 4, 2001, (Plaintiff's Ex. 1) and as an abutting owner she is found to be an aggrieved person with standing to prosecute this appeal. Sec. 8-8 (1) C.G.S.
A second public hearing was held on the application on March 8, 2001 and again the appellant's concerns were heard through counsel as well as CT Page 11713 through her husband regarding the application. (Ret. of Record, Ex. 10). At this point the PZ closed the public hearing and the commission continued its discussion on the application in private session which included the presence and observations of the appellant's attorney and others. (Ret. of Record, Ex. 11.) Thereafter, the record reflects continued consideration of the application by the PZ, counsel for the PZ who indicated he had had discussions with the applicant regarding changes to the application to satisfy concerns of the PZ. (Ret. of Record, Ex. 15.) A subsequent regular meeting of the PZ held on May 17, 2001 approved the application and amended by the commission. (Ret. of Record, Ex. 16.)
It is the applicant's claim that the PZ acted illegally and in abuse of its discretion in approving the application for the resubdivision by holding meetings from which the public was excluded with such meetings resulting in revisions to the subdivision plan as originally proposed at the time of the public hearing.
It is the appellant's contention that these ex parte meetings or sessions of the PZ and the PZ's modifications to the plan as originally resubmitted were improper, illegal and in abuse of their discretion and that the appellant's appeal should be sustained. It is also the appellant's claim that the action of the PZ in approving the resubmission of the appellee's application with alterations and modifications as established by the PZ constituted a confiscation of appellant's property. The facts leading up to the approval of appellee's application for approval of its subdivision proposal are not in dispute. It is the position of the appellee Oxford Estates LLC and appellee Planning and Zoning Commission of the Town of Oxford that whatever action was taken with regard to the resubmitted application was within the bounds of applicable statutes and case law and was in no way improper or illegal.
The court agrees. Public hearings were held at which members of the public including the appellant were heard at length as required by statute and applicable regulations. Other meetings of the PZ were held wherein the application was extensively discussed and at least at one such session the appellant was present and contributed his observations as to the project. Based upon these discussions and examination of the project, modifications were made to the application and the PZ eventually approved it.
A zoning board is endowed with a liberal discretion and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Connecticut Sand and StoneCT Page 11714Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442. On appeal, a reviewing court reviews the record of the administrative proceedings to determine whether the commission "has acted fairly or with proper motives or upon valid reasons. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707. As to the appellant's claim that the PZ engaged in ex parte discussions after the close of the public hearing, the record discloses that her counsel and others were involved and participated in those discussions. Post public discussion which involves the input of interested and involved individuals are not necessarily improper. SeeFund Fox Animals, Inc. v. Town Planning and Zoning Comm. of the Town ofGlastonbury, 1993 WL 28762 (Conn.Super.Ct. February 1, 1993) andDelalla v. Ridgefield Planning and Zoning Commission, 2001 WL 1669227. (Conn.Super.Ct. Dec. 11, 2001). It is clear that the zoning authority has the right and obligation to "approve, modify and approve" any subdivision application or maps and plans submitted therewith. Sec. 8.26 C.G.S.
In this instance the modifications made by the PZ were according to the record done at least in part to provide a future benefit to applicant's property. (See transcripts of Regular Meetings May 3, 2001 (Ret. of Record, Ex. 15) and May 17, 2001 (Ret. of Record, Ex. 16)
Lastly the appellants claim that the action of the PZ in effect constituted "a taking" of appellant's property. The court cannot conclude from the record presented that the relocation of the driveway on land abutting the appellants which provided access to the appellant's property resulted in such a taking."
There is no evidence save for the appellants have assertion that the relocation of Penelope Drive has or will result in such a significant detriment to her property that any reasonable utilization of such property is or will be precluded.
The appeal is accordingly denied.
 George W. Ripley II Judge Trial Referee
CT Page 11715